UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NADIA JUDITH BIJAOUI,<br><br>Plaintiff,<br>vs.<br><br>CA DEPARTMENT OF SOCIAL SERVICES;<br>YORK RISK SERVICES GROUP; and<br>WELLCOMP MANAGED CARE,<br><br>Defendants. | 18-4110<br><br>OPINION AND ORDER SCREENING CASE AND GRANTING LEAVE TO AMEND |

On August 31, 2018, plaintiff Nadia Bijaoui ("Plaintiff"), appearing *pro se*, filed a complaint ("Complaint") alleging claims of negligence, deceit, fraud, and conspiracy against the named defendants ("Defendants"). Doc. 1. Plaintiff asserts that this Court has jurisdiction over this case because the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. § 1332 (diversity jurisdiction).

In her Complaint, Plaintiff alleges that the office of her primary treating physician in Sioux Falls has contacted Defendants at least fifty (50) times through phone calls, emails, and faxes to obtain authorization from Defendants for Plaintiff's medical treatments to which she is entitled under Workers' Compensation and that Defendants have either denied or ignored these requests for authorization. Addendum to Compl. 2. Plaintiff also alleges that Defendants have conspired to deny Plaintiff medical treatment for her injuries covered under Worker's Compensation. Addendum to Compl. 2.

Plaintiff filed a motion to proceed without prepayment of fees ("IFP") and a financial affidavit, Doc. 3, and a motion to electronically file documents, Doc. 4. The Court denied Plaintiff's motion to electronically file documents and granted Plaintiff's motion to proceed IFP. Doc. 6. Before the Court undertook its preservice review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court ordered Plaintiff to file a copy of the April 2017 stipulation agreement that she referenced in her Complaint as an addendum to the Complaint. Plaintiff filed a copy of the stipulation agreement ("Stipulation Agreement") with the Court on October 11, 2018. Doc. 7.

I.  **Preservice Screening Under 28 U.S.C. 1915(e)(2)(B)**     .

Under § 1915(e)(2)(B), the Court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint "does not need detailed factual allegations. . . .[but] requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements. . . ." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* When determining whether a complaint fails to state a claim upon which relief may be granted, this Court "assumes as true all factual allegations in the pleadings, interpreting them most favorably to the [pleader]." *Magee v. Trustees of Hamline Univ.*, 747 F.3d 532, 534-35 (8th Cir. 2014) (citation omitted).

Because Plaintiff is proceeding *pro se*, her pleading must be liberally construed and her Complaint, "however inartfully pleaded" is held "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle her to relief. *Id.* (citation omitted). A court, however, is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In determining whether Plaintiff has stated a claim for relief in this suit based on diversity of citizenship jurisdiction, the Court shall apply the substantive law of the forum state. *Archer v. Pavement Specialist, Inc.*, 278 F.3d 845, 846-47 (8th Cir. 2002); *see also Harms v. Cigna Ins. Co.*, 421 F.Supp.2d 1225 (S.D. 2006) (applying South Dakota common law to diversity case alleging bad faith denial of workers' compensation benefits).

### A. Fraud and Deceit Claims

In her complaint, Plaintiff alleges claims of fraud and deceit against Defendant.

SDCL § 15-6-9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity. *N.A. Truck & Trailer*, 751 N.W.2d 710, 713 (S.D. 2008) (quoting SDCL § 15-6-9(b)). "Malice, intent, knowledge, and other condition of the mind of the person may be averred generally." *Id.* "[A] pleading based on fraud

2

[or deceit] as a basis of recovery of damages must allege all the essential elements of actionable fraud [or deceit] to be sufficient." *Id.* at 713-14 (quoting *Holy Cross Parish v. Huether*, 308 N.W.2d 575, 576 (S.D. 1981) (citation omitted)). The essential elements of actionable fraud are:

> (T)hat a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.

*Id.* at 713 (quoting *Northwest Realty Co. v. Colling*, 82 S.D. 421, 433 (1966)). The elements of the tort claim of deceit are:

> A representation made as a statement of fact, which is untrue and intentionally or recklessly made
>
> 1. With intent to deceive for the purpose of inducing the other party to act upon it;
> 2. Reliance upon the untrue statement of fact;
> 3. Resulting in injury or damage.

*Id.* at 714 (quoting *Guthmiller v. Deloitte & Touche, LLP*, 699 N.W.2d 493, 498 (S.D. 2005)).

The reason behind these heightened pleading standards in a fraud or deceit claim is due to the fact that "fraud embraces a wide variety of potential misconduct," and as a result, there must be "sufficient identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer to the allegations." *Id.* (quoting *Denny v. Carey*, 72 F.R.D. 574, 578 (D.C. Pa. 1976)).

The Court finds in examining Plaintiff's Complaint, that she has not alleged any false representations made by Defendants that have caused her damages so as to permit Defendants the opportunity to prepare an adequate answer to these allegations. Accordingly, Plaintiff's claims for fraud and deceit fail to state a claim upon which relief may be granted.

**B. Negligence Claim**

In her Complaint, Plaintiff states that Defendants were negligent in denying and delaying authorization for medical treatments to which she is entitled pursuant to the Stipulation Agreement that was approved by a Workers' Compensation Administrative Law Judge.

South Dakota has recognized a common law cause of action for bad faith failure of an insurance carrier to provide workers' compensation benefits or payments. *See Champion v. U.S.*

*Fid. & Guar. Co.*, 399 N.W.2d 320, 324 (S.D. 1987); *see also McDowell v. Citicorp, U.S.A.*, 734 N.W.2d 14, 19 (S.D. 2007). "An action for bad faith compensates an insured for the intentional misconduct of a defendant insurer as distinguished from merely negligent conduct." *Jordan v. Union Co.*, 771 F.Supp. 1031, 1033 (D.S.D. 1991) (citing *Simkins v. Great West Cas. Co.*, 831 F.2d 792, 793 (8th Cir. 1987)). The conduct of an insurer in denying a claim is deemed intentional and in bad faith where there is (1) an absence of a reasonable basis for denying the benefits and (2) the insurer acts with knowledge or reckless disregard of the absence of a reasonable basis. *See McDowell v. Citicorp U.S.A.*, 734 N.W.2d 14, 19 (S.D. 2007); *see also Brennan v. Western Nat. Mut. Ins. Co.*, 125 F.Supp.2d 1152, 1154 (D.S.D. 2001) (citing *Champion*, 399 N.W.2d at 324).

Plaintiff's claim for negligence cannot serve as a basis for a claim of bad faith failure to approve workers' compensation benefits under South Dakota law. *See Jordan*, 771 F.Supp. at 1033. In addition, Plaintiff has not alleged facts to support that Defendants lacked a reasonable basis for denying Plaintiff's benefits and that Defendants acted with knowledge or reckless disregard of the absence of a reasonable basis for denying benefits. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

### C. Civil Conspiracy

Plaintiff alleges that Defendants have conspired to deny Plaintiff medical treatment for her injuries covered under Worker's Compensation. Addendum to Compl. 2.

"A civil conspiracy is, fundamentally an agreement to commit a tort." *Reuben C. Setliff, III, M.D., P.C. v. Steward*, 694 N.W.2d 859, 866 (S.D. 2005). Under South Dakota law, the elements of a civil conspiracy are:

(1) Two or more persons;

(2) An object to be accomplished;

(3) A meeting of the minds on the object or course of action to be taken;

(4) The commission of one or more unlawful overt acts; and

(5) Damages as the proximate result of the conspiracy.

*Id.* A claim for civil conspiracy is not an independent cause of action, rather it is a "mechanism for subjecting co-conspirators to liability when one of their members committed a tortious act." *Selle v. Tozser*, 786 N.W.2d 748, 756 (S.D. 2010) (quoting *Beck v. Prupis*, 529 U.S. 494, 503 (2000) (citation omitted)). A cause of action for civil conspiracy is therefore "sustainable only

after an underlying tort claim has been established." *Setliff*, 694 N.W.2d at 866 (quoting *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 809 (8th Cir. 1999).

As stated above, Plaintiff has failed to state a cause of action for an underlying tort and therefore Plaintiff has failed to state a claim upon which relief may be granted as to her claim for civil conspiracy. If Plaintiff elects to file an amended complaint, the Court will determine upon reviewing the amended complaint whether Plaintiff has stated a claim for an underlying tort and accordingly, whether Plaintiff's civil conspiracy claim shall proceed.

II. **Leave to Amend**

Plaintiff fails to state a claim in her Complaint. However, her allegations suggest that she may have a cognizable claim; she has merely failed to state it properly. Therefore, the Court grants Plaintiff leave to amend her Complaint. Plaintiff may file an amended complaint that rectifies the deficiencies outlined in this order. Plaintiff is cautioned that the filing of an amended complaint replaces the original complaint and claims that are not realleged are deemed abandoned. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). The Court will provide Plaintiff thirty (30) days from the date of this order to file her amended complaint, or her case will be dismissed without prejudice.

Accordingly, it is ORDERED:

1. Plaintiff shall file an amended complaint within thirty (30) days of the date of this order and, if she fails to do so, her case will be dismissed without prejudice.

Dated this 1st day of April, 2019.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

BY: /s/ Matthew Thielen
(SEAL)   DEPUTY

5